# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200

Michael J. Flynn
(302) 351-9661
mflynn@morrisnichols.com

February 29, 2024

The Honorable Christopher J. Burke                                    *VIA ELECTRONIC FILING*
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

        Re:    *Attentive Mobile Inc. v. 317 Labs, Inc. d/b/a Emotive*, C.A. No. 22-1163 (CJB)

Dear Judge Burke:

        Pursuant to the Court's February 28, 2024 Oral Order (D.I.. 149), Plaintiff Attentive Mobile Inc. ("Attentive") submits this letter regarding the parties' dispute regarding the scope of ESI discovery.

        Attentive seeks an order compelling Defendant 317 Labs, Inc. d/b/a Emotive ("Emotive") to comply with the Federal Rules of Civil Procedure 26 and 34 and this Court's Default Standard for Discovery, Including Discovery of Electronic Stored Information ("Default Standard"). Specifically, Attentive requests that this Court order Emotive to 1) identify 10 custodians most likely to have discoverable information; 2) identify proposed search terms for searching custodial and non-custodial files; and 3) substantially complete its production of relevant, non-privileged electronically stored information in accordance with the Default Standard.

        Despite numerous requests to engage in discussions regarding an ESI protocol, a lengthy meet and confer on February 8, 2024, and numerous subsequent emails related to the scope of e-discovery, Emotive is refusing to engage in any form of e-discovery unless Attentive can "identify what additional information it is seeking." *See* Email Chain, attached as Exhibit A.

        First, the Default Standard does not require a requesting party to identify missing information before it is entitled to ESI discovery. Rather, the Default Standard requires the parties to produce ESI for ten custodians. This is not a suggestion; this is the default which is required if the parties are "unable to agree on the parameters and/or timing of discovery." *See* Default Standard ¶ 1. As Your Honor stated in *U.S. v. Gilead Sciences, Inc.*, "[a]s an initial matter, the Court notes that the Default Standard provides that a party ***must*** search the ESI of up to 10 custodians, Default Standard at Section 3(a) & 5(b)." C.A. No. 19-2103-MN, D.I. 247 (Dec. 21, 2021) (emphasis added). In addition, if the producing party "elects to use search terms to locate potentially responsive ESI, … the requesting party may request no more than 10 additional terms to be used in connection with the electronic search." *See* Default Standard ¶ 5(b). Attentive is entitled – at a minimum – to the Default Standard for ESI discovery.

The Hon. Christopher J. Burke  Page 2
February 29, 2024

  Second, even assuming Emotive's request for the "identification of additional information" is required – which it is not – Attentive has repeatedly raised issues with the deficiencies of Emotive's production of documents. The biggest issue is that Emotive has only produced 67 documents to date. This encompasses Emotive's entire production, including both "core technical documents" and documents in response to 82 separate Requests for Production. Emotive's meager production is, by itself, uncontroverted evidence that ESI discovery is necessary in this case. In addition, Attentive has not received a single document in response to at least RFP Nos. 7, 8, 11, 12, 13, 14, 48, 49, 59, 66, 67, 68, 75, 76, 81, and 82. This is further evidence that Attentive is missing relevant information. Attentive believes – based on Emotive's representation that it has nothing else to produce – that the information Attentive has requested in discovery, but has not yet received, is contained in Emotive's ESI.

  Third, even assuming that Emotive's production of source code and 67 documents is somehow sufficient to satisfy Emotive's initial discovery obligations pursuant to Default Standard ¶ 4, production of source code and core technical documents does not mean that Attentive is not entitled to ESI discovery. As Your Honor recognized in *Princeton Digital Image Corp. v. Konami Digital Entertainment Inc.*, 316 F.R.D. 89, n.11 (D. Del. 2016), the mere fact that other documents might be inferior to source code, does not mean that the requesting party is not entitled to other technical documents. Here, the mere fact that Emotive produced 67 documents and its source code does not alleviate its obligation to conduct ESI discovery. In fact, as stated above, its lack of production only serves to further justify and necessitate ESI discovery.

  **Requested Relief:**

  1. Pursuant to the Default Standard ¶ 3(a), Emotive was required to identify 10 custodians most likely to have discoverable information as part of its initial disclosures. Emotive has only identified 4 custodians. Attentive requests that this Court order Emotive to identify 10 custodians as required by Default Standard ¶ 3(a) within 7 days of the Court's ruling.

  2. Pursuant to the Default Standard ¶ 5(b), if Emotive is going to elect to use search terms to locate potentially responsive ESI, Attentive requests that this Court order Emotive to disclose the search terms to Attentive within 7 days of the Court's ruling at which time Attentive my elect to include up to 10 additional search terms. In addition, if Emotive is going to elect to use search terms to locate potentially responsive ESI, Attentive requests that this Court order Postscript to run the search terms – along with up to 10 additional search terms proposed by Attentive – across Emotive's non-custodial data sources and the 10 custodians identified.

  3. Attentive requests that this Court set a date for substantial completion of ESI discovery.

The Hon. Christopher J. Burke  Page 3
February 29, 2024

Respectfully,

Michael Flynn (# 5333)
*Counsel for Plaintiff Attentive Mobile Inc.*

cc: Clerk of Court (Via Hand Delivery)
      All Counsel of Record (Via Electronic Mail)