# EXHIBIT A

| | |
|---|---|
| **From:** | Chow, Michael C. |
| **To:** | Brian Hill; Liu, Jonathan; Martinelli, Richard F.; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com |
| **Cc:** | Attentive Mobile; Flynn, Michael J.; jblumenfeld@morrisnichols.com; Emotive-Attentive_OHS |
| **Subject:** | RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery |
| **Date:** | Friday, February 9, 2024 12:55:19 AM |
| **Attachments:** | image001.png |

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Brian,

Thanks for the call earlier today. Below is a summary.

Attentive's request for a test account of Emotive's service

We understand that Attentive contends that a "test account" would be responsive to RFP No. 1 requesting a 'copy of the product' as the basis for the request. Emotive disagreed that a "test account" would be responsive or even contemplated by such a request. In fact, Emotive responded to RFP No. 1 in March 2023 that it would produce or make available for inspection documents and/or source code sufficient to show the operation of the accused feature. Attentive did not raise the issue of a "test account" until November 2023, months after Emotive had already informed Attentive that it had discontinued use of the accused feature. Emotive further disagreed with Attentive's contention that it was obligated to maintain a "test account" of the accused service. Emotive met its discovery obligations by maintaining a copy of the source code of the accused feature and making it available for inspection in June 2023.

ESI Searching

We understand that Attentive contends ESI searching is necessary because it is the default and Attentive is seeking it to identify gaps in discovery and not because it has identified any information that it believes it still needs from Emotive. Further, Attentive still has not addressed why its ESI search proposal is proportional to the needs of the case under Paragraph 1(b) of the Default Order. Emotive reiterates that it is willing to consider a targeted ESI search proposal but understands that Attentive is refusing to propose one or identify what additional information it is seeking. Accordingly, Emotive's position is that the ESI searching that Attentive demands is harassing, unduly burdensome, and disproportional to the needs of the case.

Inventor Depositions and Schedule

Attentive suggests joint inventor depositions would ease the burden on the deponents – some of which no longer work for Attentive. Emotive's position is that discovery is not consolidated in this case, therefore, there is no basis for Attentive to demand joint depositions. However, Emotive is willing to consider coordinating overlapping discovery if Attentive agrees to align Emotive's case schedule with Postscript's case schedule and to reset Emotive's trial date until after Postscript's. Emotive understands that Attentive does not believe the trial date to be relevant to this issue but is considering whether to agree to aligning pretrial schedules and will get back to us after discussing with your client.

Regards,

Michael

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Wednesday, February 7, 2024 7:59 AM
**To:** Chow, Michael C. <mchow@orrick.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**[EXTERNAL]**

Michael,

I'll send an invite for tomorrow (Thursday) at 2pm PT / 5pm ET.  I think the parties have sufficiently conferred on the ESI issue, but to the extent you disagree, we can address it on the call.  I'd also like to discuss the deposition issue if we have time.

Sincerely,
Brian

---

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

---

**From:** Chow, Michael C. <mchow@orrick.com>
**Sent:** Tuesday, February 6, 2024 3:19 PM
**To:** Brian Hill <BHill@KSLAW.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Brian,

Contrary to your representations of the cited holding in *GlaxoSmithKline LLC v. Teva Pharmaceuticals*

*USA, Inc.*, the order makes clear that only "***five*** e-discovery custodians" had been identified, and the court further limited additional searching to the "***two*** custodians most likely to have" responsive documents.  And yet again, Attentive fails to address how its requests are proportional to the needs of this case, as expressly required by Paragraph 1(b) of the Default Standard.  Attentive's continued failure to do so only serves to heighten our concern that Attentive's demands for full-blown ESI searching of 10 custodians is intended to harass and burden Emotive.

Furthermore, Attentive's complaints regarding the "unacceptable pace of discovery" are not well taken.  As noted below, Emotive identified its four custodians as part of its Paragraph 3(b) disclosures 10 months ago.  Attentive waited until just before the substantial completion of discovery deadline to raise the prospect of ESI searching.   Attentive's November 17, 2023 Ltr at 4-5.  Attentive then delayed until last week to raise its concern about the number of custodians Emotive had identified.  And Attentive has ignored Emotive's request that Attentive provide a targeted ESI search proposal for over two months now.  Any alleged delays in the pace of discovery are of Attentive's own making.

We are available to discuss Attentive's request for a "test account" on Thursday at 2 pm PT/5 pm ET.

Regards,

Michael

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Sunday, February 4, 2024 4:51 PM
**To:** Chow, Michael C. <mchow@orrick.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**[EXTERNAL]**

Michael,

Your email entirely and unreasonably misstates the holding *in GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 14-878-LPS-CJB, where Judge Burke grants GSK's request for **additional custodial searching** for market forecast documents in addition to the searching that had already been conducted.  *See* ¶4 ("[T]he Court finds that good cause has been shown to allow some **additional**, targeted searching…").  Absolutely nowhere in that case does Judge Burke limit the total number of ESI custodians to a number less than what is already provided for in the Delaware Default Standard.  We would ask that you more accurately describe cases when citing them as allegedly supporting your positions.

The Delaware Default Standard is perfectly clear: "In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement." Emotive is therefore obligated to search emails and other ESI maintained by the 10 custodians most likely to have discoverable information in their possession, custody or control. There is no requirement to use search terms (see ¶5.b, "**If the producing party elects** to use search terms"), but Emotive's obligation to search for and produce responsive ESI remains. See id. ("The producing party **shall search**…emails and other ESI…").

It is frankly troubling that Emotive's counsel lacks a full and complete appreciation of Emotive's discovery obligations (to wit…"*whatever that may mean*"…"*we continue to be mystified*"), which has resulted in an unacceptable pace of discovery. In addition to Emotive's refusal to produce ESI, which the parties have met and conferred on extensively and will be raised with the Court, please provide times this week to discuss Emotive's production of a "test account" for Emotive's discontinued service.

Sincerely,
Brian

---

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

---

**From:** Chow, Michael C. <mchow@orrick.com>
**Sent:** Friday, February 2, 2024 10:31 PM
**To:** Brian Hill <BHill@KSLAW.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Brian,

Your email below completely ignores Paragraph 1(b) of the Default Standard for Discovery, which expressly states that the "[p]arties are expected to use reasonable, good faith and **proportional efforts** to preserve, identify and produce relevant information. This includes identifying appropriate limits to discovery, **including limits on custodians**…." Emotive served its paragraph 3(b) disclosures 10 months ago, and Attentive never raised any deficiencies with Emotive's disclosure and its limitation to four custodians.

As we have repeatedly stated, Attentive's demands are not proportional to the needs of this case given Emotive no longer uses the accused functionality and the limited six-month damages window.

At no time has Attentive provided any reasons why its demands are proportional to the needs of the case, nor has Attentive identified any particular information that it needs.  Instead, Attentive appears to be demanding ESI searching for the sake of searching rather than to seek any specific information relevant to a claim or defense in the case.

Furthermore, your email below misreads Paragraph 5(b) of the Default Standard.  Nowhere does it state that Emotive is "obligated to search the entirety of" (whatever that may mean) any data source if Emotive did not elect to use search terms.  Instead, Paragraph 5(b) clearly contemplates that those data sources would be searched using identified search terms "*[i]f* the producing party elects to use search terms to locate potentially responsive ESI."

Emotive is still willing to consider searching the non-custodial data sources and emails and other ESI maintained by the four custodians that it has already identified, if Attentive proposes reasonable search terms and limitations.  Please note that what we have proposed is in line with what Judge Burke ordered under similar circumstances in GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc., C.A. No. 14-878-LPS-CJB, at pp. 3-5 (attached), so we continue to be mystified by Attentive's refusal to provide a reasonable and targeted search proposal.  To the extent Attentive believes there is specific information that it still needs, please let us know.

Regards,

Michael

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Thursday, February 1, 2024 11:39 AM
**To:** Chow, Michael C. <mchow@orrick.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**[EXTERNAL]**

Hi Michael,

We do not agree with your proposal.

First, the Delaware Default Standard provides for 10 Custodians most likely to have discoverable information, and does not provide exceptions for when the producing party "believes any additional custodians will only have duplicative information."  Please provide the full list of 10 Custodians in accordance with the Delaware Default Standard by tomorrow.

Second, you are mistaken about the use of search terms under the Delaware Default Standard. If you choose not to employ search terms, you are obligated to search the entirety of (1) the non-custodial data sources identified in accordance with paragraph 3(b); and (2) the emails and other ESI maintained by Emotive's 10 Custodians for responsive information.  In addition to the ESI maintained by Emotive's 10 Custodians, please confirm that you agree to search the entirety of Emotive's public website at https://emotive.io/; Emotive's source code control and management system; and Emotive's financial data storage system for information responsive to Attentive's Requests.

Please confirm by tomorrow that Emotive agrees to conduct ESI discovery in accordance with the Delaware Default Standard or else we will seek assistance from the Court.

Sincerely,
Brian

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

---

**From:** Chow, Michael C. <mchow@orrick.com>
**Sent:** Wednesday, January 31, 2024 11:41 PM
**To:** Brian Hill <BHill@KSLAW.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Hi Brian and Cori,

It was unclear from Cori's email below whether Attentive's January 26th email was Attentive's ESI proposal given the "See draft below" language.

Regarding Attentive's proposal, please see responses in-line below.

Regards,

Michael

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Wednesday, January 31, 2024 8:27 AM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; Chow, Michael C. <mchow@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com;

AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery


**[EXTERNAL]**

Counsel,

We have not received a response to our email below.  Can you please respond today and let us know your position on our ESI proposal?  We will have to seek the Court's assistance if this is not resolved by the end of the week.

Sincerely,
Brian

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com


**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Friday, January 26, 2024 9:21 AM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

See draft below.
+++++++++++++++++++++++++++

Counsel,

Per your request for an ESI discovery proposal, Attentive proposes the following:

The parties should exchange the following information on January 31st and any counter proposal on February 5th

1. The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely;

We have previously identified the Emotive custodians most likely to have relevant information in Emotive's paragraph 3 disclosures, in order from most likely to least likely. Emotive believes any additional custodians will only have duplicative information.

2. A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely; and

We also previously identified Emotive's non-custodial data sources in the paragraph 3 disclosures.

3. A list of search terms to locate potentially responsive ESI.

As we previously have discussed, because Emotive has not elected to employ ESI searching, Emotive does not have search terms to propose. That said, we remain willing to consider running a search proportionate to the needs of the case using search terms that Attentive wishes to propose.

Please let us know by Friday, January 27, 2024, if Emotive agrees to this proposed exchange.

Thank you,

**From:** Liu, Jonathan <jonathanliu@orrick.com>
**Sent:** Thursday, January 25, 2024 8:24 PM
**To:** Cori Steinmann <CSteinmann@KSLAW.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel,
Attentive misrepresents Emotive's position. Contrary to Attentive's assertion, Emotive has not "refus[ed] to conduct any ESI discovery." As we stated in the attached nearly two months ago, we do not believe ESI discovery over repositories is necessary or proportional for this case given the six-month damages window, but we asked that Attentive "provide a specific and narrow ESI search proposal that Emotive can consider." Attentive never responded to our request.

Additionally, Emotive disagrees with Attentive's interpretation of the ESI default standard. Emotive understands the default standard for ESI to specifically contemplate ESI searching

as an optional form of discovery subject to proportionality and needs of the case limitations. The ESI default standard expressly states at paragraph 5.b.: "**IF** the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party." Emotive has not elected to use search terms to locate potentially responsive ESI, thus it is not obligated to perform an electronic search. And Attentive has thus far failed to provide any support for why ESI would be necessary or indeed would be proportional especially in light of the accused service's limited damages period.

Given Attentive's repeated failure to provide an ESI search proposal for Emotive to consider, Emotive does not agree that the parties have reached impasse.

Warm regards,
Jonathan

---

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Tuesday, January 23, 2024 5:43 PM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

[EXTERNAL]

Counsel,

We write to further discuss ESI discovery in this case. As you are aware, the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information, requires the parties to "reach agreements cooperatively on how to conduct discovery" and, if "the parties are unable to agree on the parameters and/or timing of discovery" the default standards should apply.

We have reached out to Emotive on multiple occasions regarding the parameters and schedule for the exchange of ESI in this case. It is our understanding that Emotive is refusing to conduct any ESI discovery. If this is still Emotive's position, we consider the parties to be at an impasse and, therefore, must seek resolution from the Court.

Please let us know by Thursday, January 25th, whether Emotive is unwilling to engage in ESI discovery per the Court's default standard.

Best Regards,

**Cori C. Steinmann**
*Counsel*

T: +1 512 457 2008  |  E: csteinmann@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701



kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message

from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.