IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ATTENTIVE MOBILE INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-1163-CJB |
| | ) | |
| v. | ) | |
| | ) | |
| 317 LABS, INC. D/B/A EMOTIVE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT 317 LABS, INC. D/B/A EMOTIVE'S ANSWERING LETTER
BRIEF IN OPPOSITION TO MOTION FOR ESI DISCOVERY**

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Of Counsel:*

Richard F. Martinelli
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000

Michael C. Chow
Orrick, Herrington & Sutcliffe LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255

Jonathan Liu
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
(650) 614-7400

Evan Brewer
Orrick, Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104-7097
(206) 839-4300

Dated:  March 7, 2024

Dear Judge Burke:

Emotive has not refused to conduct ESI discovery. Instead, Emotive has simply requested that ESI discovery be proportional to the needs of the case. Ex. A (Feb. 8, 20024 email from M. Chow to B. Hill ("Emotive reiterates that it is willing to consider a targeted ESI search proposal")). Given the small amount in controversy, the disparity in the resources available to the parties, the burden of production, and the unclear scope of discovery sought, Emotive believes an ESI protocol, limited in at least search terms, time frame, and custodians is appropriate. Emotive's position comports with the proportionality requirements listed in both the Delaware Default Standard for Discovery ("Default Standard") and Rule 26 of the Federal Rules of Civil Procedure.

Section 1.b. of the Default Standard explicitly calls on parties to use "proportional efforts to preserve, identify and produce relevant information", which includes setting "appropriate limits on custodians, identification of relevant subject matter, time period for discovery and other parameters to *limit* and guide preservation and discovery issues." This proportionality requirement comports with Rule 26, which requires that discovery be "proportional to the needs of the case". Fed. R. Civ. P. 26(b)(1). Proportionality considers (1) the importance of the issues at stake, (2) the amount in controversy, (3) the parties' relative access to information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether burden or expense of proposed discovery outweighs likely benefit. *Id.* As discussed below, Attentive's discovery demands are unreasonable because it fails to demonstrate the importance of the information sought and the relevance of the information to the issues in the case.

However, it is important for the Court to understand the small amount in controversy and relative imbalance between the parties' resources. ██████████████████████████████████ ██████████ Ex. B (Declaration of Brian Zatulove), ¶ 2. In contrast, Attentive has over 1000 employees.[1] The patents-in-suit issued on August 16, 2022. Attentive filed this action about two weeks later. Despite firmly believing its process does not infringe, Emotive ceased use of the accused SMS deep linking feature in February 2023. *Id.*, ¶ 6. ████████████████████████████ ██████████████████████████████████████████████████ *Id.* Currently, Emotive is not using the accused functionality and has no intention to use the accused functionality in the future. *Id.* Attentive has refused to seriously engage in settlement discussions. Its primary goal appears to be to burden a smaller rival with expensive litigation.

Attentive's ESI demand also fails to specify what information from Emotive is lacking and is proportional to the needs of the case. Emotive raised this during the meet and confer but Attentive refused to address it. Unlike the custom messages and integration tags claimed in Attentive's patents, Emotive's accused feature used a non-custom, static deep link that its customers would create and serve to consumers browsing their websites. *Id.*, ¶ 3. Emotive has already produced source code, core technical documents (e.g., help desk articles which double as manuals), and financial information for this simple feature. Emotive even recently acceded to Attentive's demand that it make its platform's source code available for Attentive's inspection, even though much of that code has nothing to do with the accused functionality. Ex. C (March 3, 2024 email from J. Liu to B. Hill). In contrast, Attentive refused during the parties' meet and confer to identify how the information already provided fails to sufficiently inform Attentive about Emotive's

_____

[1] https://www.forbes.com/companies/attentive/?sh=35aa2af17287 (2023).

Contains Hightly Confidential – Attorneys' Eyes Only Information Subject to Protective Order

service and what information it seeks to learn from the overly broad ESI discovery requested.[2] Attentive's letter to the Court similarly fails to identify what information it seeks from ESI discovery. This counsels against the broad ESI discovery Attentive requests. *Wyeth v. Impax Laboratories, Inc.*, 248 F.R.D. 169, 171 (D. Del. 2006) (denying discovery request where movant "has not shown that documents requested […] are critical to resolving the issues before the [c]ourt").

To make matters worse, Attentive has consistently refused to consider a proportional ESI protocol, responding to Emotive's request that Attentive propose targeted search terms with a demand that Emotive first propose ten search terms of its own to be run against ten custodians instead. Ex. E (January 26, 2024 email from C. Steinmann to J. Liu and related email string). Emotive respectfully believes that Attentive's requested disclosure of six additional custodians for ESI discovery is unreasonable due to the simple technology, short damages period, and low amount in controversy.  Indeed, further custodians are unlikely to have non-duplicative information.  Ex. B, ¶ 7.

Attentive also has not properly met and conferred on the purported RFP deficiencies it generally references in its letter, choosing instead to focus on what it believes to be an insufficient number of pages produced instead of the specific discovery it supposedly needs.  The general references to alleged deficiencies in Attentive's letter do not inform Emotive as to what information Attentive believes is missing and should be disregarded.  *Hart v. Nationwide Mut. Fire Ins. Co.*, 270 F.R.D. 166 (D. Del. 2010) (refusing to review document requests because plaintiff "failed to provide the necessary specificity"). In any event, the parties have not met and conferred on RFP Nos. 7, 8, 12, 13, 49, and 66, (Ex. F (February 11, 2024 email from B. Hill to M. Chow)), and Emotive produced documents responsive to RFP Nos. 7, 8, 12, 13, 48, 75, 81, and 82 in the form of internal battlecards, board meeting minutes, notices sent to its customers, and source code.  After reasonable investigation, Emotive has not located any non-privileged information responsive to RFPs No. 11, 14, 49, 76.

Finally, Attentive argues that Emotive's source code cannot replace technical document production.  This mischaracterizes Emotive's position.  In addition to source code, Emotive produced technical documents it was able to locate after reasonable investigation in the form of helpdesk articles and blog posts. Emotive is a small organization and the accused feature is simple.  There are simply no more core technical documents to produce. Ex. B, ¶ 5.

Given Attentive's unwillingness to identify any specific issues the requested ESI discovery would resolve, the small amount in controversy, and great disparity between party resources, Attentive's request for broad, burdensome ESI discovery covering ten custodians should be denied.  Emotive respectfully requests that the Court require that Attentive narrow the ESI discovery Attentive is seeking to 5 search terms over the ESI held by the four custodians Emotive disclosed in its amended initial disclosures from February 2022 to August 2023, a date range that Attentive previously has not objected to.  Ex. G (December 1, 2023 email from J. Liu to C. Steinmann). Such a result would be consistent with the relief Your Honor ordered *in GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 14-878-LPS-CJB, D.I.  125 at pp. 3-5. (Ex. H).

---

[2] Attentive's inability to identify the specific information it needs is telling because Emotive has been precisely focusing Attentive on the relevant technical issues since the beginning of the case. Ex. D (February 6, 2024 letter from M. Chow to C. Campbell).

Contains Hightly Confidential – Attorneys' Eyes Only Information Subject to Protective Order

Respectfully,

/s/ *John G. Day*

John G. Day (#2403)

JGD/nml
Attachments

cc:  All Counsel of Record (via electronic mail; w/attachments)

Contains Hightly Confidential – Attorneys' Eyes Only Information Subject to Protective Order

# EXHIBIT A

**Liu, Jonathan**

| | |
|---|---|
| **From:** | Chow, Michael C. |
| **Sent:** | Thursday, February 8, 2024 10:55 PM |
| **To:** | Brian Hill; Liu, Jonathan; Martinelli, Richard F.; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com |
| **Cc:** | Attentive Mobile; Flynn, Michael J.; jblumenfeld@morrisnichols.com; Emotive-Attentive_OHS |
| **Subject:** | RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery |

Brian,

Thanks for the call earlier today.  Below is a summary.

Attentive's request for a test account of Emotive's service

We understand that Attentive contends that a "test account" would be responsive to RFP No. 1 requesting a 'copy of the product' as the basis for the request.  Emotive disagreed that a "test account" would be responsive or even contemplated by such a request.  In fact, Emotive responded to RFP No. 1 in March 2023 that it would produce or make available for inspection documents and/or source code sufficient to show the operation of the accused feature.  Attentive did not raise the issue of a "test account" until November 2023, months after Emotive had already informed Attentive that it had discontinued use of the accused feature.  Emotive further disagreed with Attentive's contention that it was obligated to maintain a "test account" of the accused service.  Emotive met its discovery obligations by maintaining a copy of the source code of the accused feature and making it available for inspection in June 2023.

ESI Searching

We understand that Attentive contends ESI searching is necessary because it is the default and Attentive is seeking it to identify gaps in discovery and not because it has identified any information that it believes it still needs from Emotive.  Further, Attentive still has not addressed why its ESI search proposal is proportional to the needs of the case under Paragraph 1(b) of the Default Order.  Emotive reiterates that it is willing to consider a targeted ESI search proposal but understands that Attentive is refusing to propose one or identify what additional information it is seeking.  Accordingly, Emotive's position is that the ESI searching that Attentive demands is harassing, unduly burdensome, and disproportional to the needs of the case.

Inventor Depositions and Schedule

Attentive suggests joint inventor depositions would ease the burden on the deponents – some of which no longer work for Attentive.  Emotive's position is that discovery is not consolidated in this case, therefore, there is no basis for Attentive to demand joint depositions.  However, Emotive is willing to consider coordinating overlapping discovery if Attentive agrees to align Emotive's case schedule with Postscript's case schedule and to reset Emotive's trial date until after Postscript's.  Emotive understands that Attentive does not believe the trial date to be relevant to this issue but is considering whether to agree to aligning pretrial schedules and will get back to us after discussing with your client.

Regards,

Michael

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Wednesday, February 7, 2024 7:59 AM
**To:** Chow, Michael C. <mchow@orrick.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

[EXTERNAL]

Michael,

I'll send an invite for tomorrow (Thursday) at 2pm PT / 5pm ET.  I think the parties have sufficiently conferred on the ESI issue, but to the extent you disagree, we can address it on the call.  I'd also like to discuss the deposition issue if we have time.

Sincerely,
Brian

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

**From:** Chow, Michael C. <mchow@orrick.com>
**Sent:** Tuesday, February 6, 2024 3:19 PM
**To:** Brian Hill <BHill@KSLAW.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Brian,

Contrary to your representations of the cited holding in *GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*, the order makes clear that only "***five*** e-discovery custodians" had been identified, and the court further limited additional searching to the "***two*** custodians most likely to have" responsive documents.  And yet again, Attentive fails to address how its requests are proportional to the needs of this case, as expressly required by Paragraph 1(b) of the Default Standard.  Attentive's continued failure to do so only serves to heighten our concern that Attentive's demands for full-blown ESI searching of 10 custodians is intended to harass and burden Emotive.

Furthermore, Attentive's complaints regarding the "unacceptable pace of discovery" are not well taken.  As noted below, Emotive identified its four custodians as part of its Paragraph 3(b) disclosures 10 months ago.  Attentive waited until just before the substantial completion of discovery deadline to raise the prospect of ESI searching.   Attentive's November 17, 2023 Ltr at 4-5.  Attentive then delayed until last week to raise its concern about the number of custodians Emotive had identified.  And Attentive has ignored Emotive's request that Attentive provide a targeted ESI search proposal for over two months now.  Any alleged delays in the pace of discovery are of Attentive's own making.

We are available to discuss Attentive's request for a "test account" on Thursday at 2 pm PT/5 pm ET.

Regards,

Michael

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Sunday, February 4, 2024 4:51 PM
**To:** Chow, Michael C. <mchow@orrick.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

[EXTERNAL]

Michael,

Your email entirely and unreasonably misstates the holding *in GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 14-878-LPS-CJB, where Judge Burke grants GSK's request for **additional custodial searching** for market forecast documents in addition to the searching that had already been conducted.  *See* ¶4 ("[T]he Court finds that good cause has been shown to allow some **additional**, targeted searching…").  Absolutely nowhere in that case does Judge Burke limit the total number of ESI custodians to a number less than what is already provided for in the Delaware Default Standard.  We would ask that you more accurately describe cases when citing them as allegedly supporting your positions.

The Delaware Default Standard is perfectly clear: "In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement."  Emotive is therefore obligated to search emails and other ESI maintained by the 10 custodians most likely to have discoverable information in their possession, custody or control.  There is no requirement to use search terms (*see* ¶5.b, "**If the producing party elects** to use search terms"), but Emotive's obligation to search for and produce responsive ESI remains. *See id.* ("The producing party **shall search**…emails and other ESI…").

It is frankly troubling that Emotive's counsel lacks a full and complete appreciation of Emotive's discovery obligations (to wit…"*whatever that may mean*"…"*we continue to be mystified*"), which has resulted in an unacceptable pace of discovery.  In addition to Emotive's refusal to produce ESI, which the parties have met and conferred on extensively and will be raised with the Court, please provide times this week to discuss Emotive's production of a "test account" for Emotive's discontinued service.

Sincerely,
Brian

---

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

**From:** Chow, Michael C. <mchow@orrick.com>
**Sent:** Friday, February 2, 2024 10:31 PM
**To:** Brian Hill <BHill@KSLAW.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F.
<rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com;
NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>;
jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Brian,

Your email below completely ignores Paragraph 1(b) of the Default Standard for Discovery, which expressly states that the "[p]arties are expected to use reasonable, good faith and **_proportional efforts_** to preserve, identify and produce relevant information.  This includes identifying appropriate limits to discovery, **_including limits on custodians_**...."  Emotive served its paragraph 3(b) disclosures 10 months ago, and Attentive never raised any deficiencies with Emotive's disclosure and its limitation to four custodians.

As we have repeatedly stated, Attentive's demands are not proportional to the needs of this case given Emotive no longer uses the accused functionality and the limited six-month damages window.  At no time has Attentive provided any reasons why its demands are proportional to the needs of the case, nor has Attentive identified any particular information that it needs.  Instead, Attentive appears to be demanding ESI searching for the sake of searching rather than to seek any specific information relevant to a claim or defense in the case.

Furthermore, your email below misreads Paragraph 5(b) of the Default Standard.  Nowhere does it state that Emotive is "obligated to search the entirety of" (whatever that may mean) any data source if Emotive did not elect to use search terms.  Instead, Paragraph 5(b) clearly contemplates that those data sources would be searched using identified search terms "**_[i]f_** the producing party elects to use search terms to locate potentially responsive ESI."

Emotive is still willing to consider searching the non-custodial data sources and emails and other ESI maintained by the four custodians that it has already identified, if Attentive proposes reasonable search terms and limitations.  Please note that what we have proposed is in line with what Judge Burke ordered under similar circumstances in GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc., C.A. No. 14-878-LPS-CJB, at pp. 3-5 (attached), so we continue to be mystified by Attentive's refusal to provide a reasonable and targeted search proposal.  To the extent Attentive believes there is specific information that it still needs, please let us know.

Regards,

Michael

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Thursday, February 1, 2024 11:39 AM
**To:** Chow, Michael C. <mchow@orrick.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F.
<rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com;
NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>;
jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**[EXTERNAL]**

Hi Michael,

We do not agree with your proposal.

First, the Delaware Default Standard provides for 10 Custodians most likely to have discoverable information, and does not provide exceptions for when the producing party "believes any additional custodians will only have duplicative information."  Please provide the full list of 10 Custodians in accordance with the Delaware Default Standard by tomorrow.

Second, you are mistaken about the use of search terms under the Delaware Default Standard. If you choose not to employ search terms, you are obligated to search the entirety of (1) the non-custodial data sources identified in accordance with paragraph 3(b); and (2) the emails and other ESI maintained by Emotive's 10 Custodians for responsive information.  In addition to the ESI maintained by Emotive's 10 Custodians, please confirm that you agree to search the entirety of Emotive's public website at https://emotive.io/; Emotive's source code control and management system; and Emotive's financial data storage system for information responsive to Attentive's Requests.

Please confirm by tomorrow that Emotive agrees to conduct ESI discovery in accordance with the Delaware Default Standard or else we will seek assistance from the Court.

Sincerely,
Brian

---

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

---

**From:** Chow, Michael C. <mchow@orrick.com>
**Sent:** Wednesday, January 31, 2024 11:41 PM
**To:** Brian Hill <BHill@KSLAW.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Hi Brian and Cori,

It was unclear from Cori's email below whether Attentive's January 26th email was Attentive's ESI proposal given the "See draft below" language.

Regarding Attentive's proposal, please see responses in-line below.

Regards,

Michael

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Wednesday, January 31, 2024 8:27 AM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; Chow, Michael C. <mchow@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

[EXTERNAL]

Counsel,

We have not received a response to our email below.  Can you please respond today and let us know your position on our ESI proposal?  We will have to seek the Court's assistance if this is not resolved by the end of the week.

Sincerely,
Brian

———

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Friday, January 26, 2024 9:21 AM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

See draft below.
+++++++++++++++++++++++++++++

Counsel,

Per your request for an ESI discovery proposal, Attentive proposes the following:

The parties should exchange the following information on January 31st and any counter proposal on February 5th

1. The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely;

We have previously identified the Emotive custodians most likely to have relevant information in Emotive's paragraph 3 disclosures, in order from most likely to least likely.  Emotive believes any additional custodians will only have duplicative information.

2.  A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely; and

<span style="color:red">We also previously identified Emotive's non-custodial data sources in the paragraph 3 disclosures.</span>

3.  A list of search terms to locate potentially responsive ESI.

<span style="color:red">As we previously have discussed, because Emotive has not elected to employ ESI searching, Emotive does not have search terms to propose.  That said, we remain willing to consider running a search proportionate to the needs of the case using search terms that Attentive wishes to propose.</span>

Please let us know by Friday, January 27, 2024, if Emotive agrees to this proposed exchange.

Thank you,

---

**From:** Liu, Jonathan <jonathanliu@orrick.com>
**Sent:** Thursday, January 25, 2024 8:24 PM
**To:** Cori Steinmann <CSteinmann@KSLAW.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel,
Attentive misrepresents Emotive's position.  Contrary to Attentive's assertion, Emotive has not "refus[ed] to conduct any ESI discovery."  As we stated in the attached nearly two months ago, we do not believe ESI discovery over repositories is necessary or proportional for this case given the six-month damages window, but we asked that Attentive "provide a specific and narrow ESI search proposal that Emotive can consider."  Attentive never responded to our request.

Additionally, Emotive disagrees with Attentive's interpretation of the ESI default standard.  Emotive understands the default standard for ESI to specifically contemplate ESI searching as an optional form of discovery subject to proportionality and needs of the case limitations.  The ESI default standard expressly states at paragraph 5.b.: "*IF* the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party."  Emotive has not elected to use search terms to locate potentially responsive ESI, thus it is not obligated to perform an electronic search.  And Attentive has thus far failed to provide any support for why ESI would be necessary or indeed would be proportional especially in light of the accused service's limited damages period.

Given Attentive's repeated failure to provide an ESI search proposal for Emotive to consider, Emotive does not agree that the parties have reached impasse.

Warm regards,
Jonathan

---

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Tuesday, January 23, 2024 5:43 PM

**To:** Liu, Jonathan <jonathanliu@orrick.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J.
<mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com;
NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram
<JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan
Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>;
Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**[EXTERNAL]**

Counsel,

We write to further discuss ESI discovery in this case.  As you are aware, the Court's Default Standard for Discovery,
Including Discovery of Electronically Stored Information, requires the parties to "reach agreements cooperatively on
how to conduct discovery" and, if "the parties are unable to agree on the parameters and/or timing of discovery" the
default standards should apply.

We have reached out to Emotive on multiple occasions regarding the parameters and schedule for the exchange of ESI
in this case.  It is our understanding that Emotive is refusing to conduct any ESI discovery.  If this is still Emotive's
position, we consider the parties to be at an impasse and, therefore, must seek resolution from the Court.

Please let us know by Thursday, January 25th, whether Emotive is unwilling to engage in ESI discovery per the Court's
default standard.

Best Regards,

---

**Cori C. Steinmann**
*Counsel*

T: +1 512 457 2008  |  E: csteinmann@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701



kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may
contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not
authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender
immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT F

DocuSign Envelope ID: D5562F10-2C4A-4B17-842E-2CD742EFAE9A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ATTENTIVE MOBILE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-cv-1163-CFC |
| | ) | |
| 317 LABS, INC. D/B/A EMOTIVE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF BRIAN ZATULOVE IN SUPPORT OF DEFENDANT
317 LABS, INC. D/B/A EMOTIVE'S RESPONDING LETTER BRIEF IN
OPPOSITION TO MOTION FOR ESI DISCOVERY**

Contains Highly Confidential - Attorneys' Eyes Only Information Subject to Protective Order

I, Brian Zatulove, make the following declaration in support of Emotive's Responsive Letter Brief Opposing ESI Discovery.

1. I am CEO of 317 Labs, Inc. d/b/a Emotive ("Emotive").  I have personal knowledge of the matters set forth in this declaration and would testify truthfully to them if called upon to do so.

2. ████████████████████████████████████████████████████

3. As I understand it, Attentive is accusing a prior feature of Emotive's system that created a deep link URL that could transition from webpage to an SMS messaging application. This is a relatively simple feature that creates a single, non-customized static link that Emotive's customers would create and serve to consumers browsing the customer's website.

4. Given the size of the team and simple nature of the accused feature, Emotive did not separately document the design and/or development of the accused functionality, rather it was directly implemented into its source code.

5. I was present at some of the meetings related to the design, development, and implementation of the accused functionality.  The meetings were conducted over Zoom and in person.  I am not aware of any written documents describing the design, development, and implementation of the accused functionality that were generated from these meetings.  And we have not found any such documents after a reasonable search.

6. I understand the asserted patents in this action issued on August 16, 2022.  Emotive removed the accused functionality from the Emotive user interface in February 2023. Emotive has no plans to return to the accused functionality as its current clearly non-infringing service is equally as effective as the accused functionality.  ████████████

████████████████████████████████████████████████

Contains Highly Confidential - Attorneys' Eyes Only Information Subject to Protective Order

7.  The four custodians identified in Emotive's paragraph 3 disclosures hold the majority of

the relevant and/or responsive documents, and any additional custodians would only

possess duplicative information and/or documents.



Respectfully submitted,


/s/                                    *Brian Zatulove*
Brian Zatulove

Contains Highly Confidential - Attorneys' Eyes Only Information Subject to Protective Order

# EXHIBIT C

## Liu, Jonathan

| | |
|---|---|
| **From:** | Liu, Jonathan |
| **Sent:** | Tuesday, March 5, 2024 5:33 AM |
| **To:** | Brian Hill; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com |
| **Cc:** | Attentive Mobile; Flynn, Michael J.; jblumenfeld@morrisnichols.com; Martinelli, Richard F.; Chow, Michael C.; Chow, Michael C.; Emotive-Attentive_OHS |
| **Subject:** | RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - Source Code |

Hi Brian,

Emotive agrees to produce for inspection the full source code of its platform pursuant to the terms of the parties' protective order to avoid a discovery dispute. Emotive reserves its objections regarding relevance for any source code produced.

Warm regards,
Jonathan

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Monday, March 4, 2024 4:22 PM
**To:** Chow, Michael C. <mchow@orrick.com>; Liu, Jonathan <jonathanliu@orrick.com>; Emotive-Attentive_OHS <Emotive-Attentive_OHS@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - Source Code


**[EXTERNAL]**

Hi Michael and Jonathan,

I understand from our local counsel that Emotive is resisting Attentive's attempt to raise the parties' source code dispute with the Court. We met and conferred on Feb. 22 and we explained to you that we are seeking Emotive's full source code platform (*e.g.*, not limited to particular features or functionalities). Emotive did not agree on the call to produce its full source code platform, and Emotive has not agreed in the 11 days that followed. Yet in order to prevent us from moving this dispute to resolution, we understand that you informed our local counsel this evening that the dispute is not ripe for adjudication because you "have not refused."

Please confirm no later than 12pm ET tomorrow if you agree to produce Emotive's full source code platform as it existed during the relevant time frame. If you do not agree by 12pm ET tomorrow, we will promptly raise the dispute with the Court.

Sincerely,
Brian

---

**Brian Hill**
*Senior Associate*

T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  Bio  |  vCard

King & Spalding LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006



kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

"

"

"

# GZJ KDKV'F

# REDACTED IN ITS ENTIRETY

# EXHIBIT E

## Liu, Jonathan

| | |
|---|---|
| **From:** | Cori Steinmann <CSteinmann@KSLAW.com> |
| **Sent:** | Friday, January 26, 2024 6:21 AM |
| **To:** | Liu, Jonathan; jblumenfeld@morrisnichols.com; Flynn, Michael J.; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com |
| **Cc:** | Brit Davis; Chris Campbell; Jennifer Inghram; Jonathan Weinberg; Michelle Jordan; Ryan Schmid; Saira Hosein; Seth Rawlins; Martinelli, Richard F.; Chow, Michael C. |
| **Subject:** | RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

[EXTERNAL]

See draft below.
+++++++++++++++++++++++++++++

Counsel,

Per your request for an ESI discovery proposal, Attentive proposes the following:

The parties should exchange the following information on January 31st and any counter proposal on February 5th

1. The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely;
2. A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely; and
3. A list of search terms to locate potentially responsive ESI.

Please let us know by Friday, January 27, 2024, if Emotive agrees to this proposed exchange.

Thank you,

---

**From:** Liu, Jonathan <jonathanliu@orrick.com>
**Sent:** Thursday, January 25, 2024 8:24 PM
**To:** Cori Steinmann <CSteinmann@KSLAW.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Counsel,
Attentive misrepresents Emotive's position.  Contrary to Attentive's assertion, Emotive has not "refus[ed] to conduct any ESI discovery."  As we stated in the attached nearly two months ago, we do not believe ESI

1

discovery over repositories is necessary or proportional for this case given the six-month damages window, but we asked that Attentive "provide a specific and narrow ESI search proposal that Emotive can consider." Attentive never responded to our request.

Additionally, Emotive disagrees with Attentive's interpretation of the ESI default standard. Emotive understands the default standard for ESI to specifically contemplate ESI searching as an optional form of discovery subject to proportionality and needs of the case limitations. The ESI default standard expressly states at paragraph 5.b.: "**IF** the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party." Emotive has not elected to use search terms to locate potentially responsive ESI, thus it is not obligated to perform an electronic search. And Attentive has thus far failed to provide any support for why ESI would be necessary or indeed would be proportional especially in light of the accused service's limited damages period.

Given Attentive's repeated failure to provide an ESI search proposal for Emotive to consider, Emotive does not agree that the parties have reached impasse.

Warm regards,
Jonathan

---

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Tuesday, January 23, 2024 5:43 PM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**[EXTERNAL]**

Counsel,

We write to further discuss ESI discovery in this case. As you are aware, the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information, requires the parties to "reach agreements cooperatively on how to conduct discovery" and, if "the parties are unable to agree on the parameters and/or timing of discovery" the default standards should apply.

We have reached out to Emotive on multiple occasions regarding the parameters and schedule for the exchange of ESI in this case. It is our understanding that Emotive is refusing to conduct any ESI discovery. If this is still Emotive's position, we consider the parties to be at an impasse and, therefore, must seek resolution from the Court.

Please let us know by Thursday, January 25th, whether Emotive is unwilling to engage in ESI discovery per the Court's default standard.

Best Regards,

**Cori C. Steinmann**
*Counsel*

T: +1 512 457 2008  |  E: csteinmann@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701



kslaw.com

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

"

"

"

# GZJ KDKV'H

## Liu, Jonathan

| | |
|---|---|
| **From:** | Brian Hill <BHill@KSLAW.com> |
| **Sent:** | Sunday, February 11, 2024 2:58 PM |
| **To:** | Chow, Michael C.; Liu, Jonathan; Martinelli, Richard F.; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com |
| **Cc:** | Attentive Mobile; Flynn, Michael J.; jblumenfeld@morrisnichols.com; Emotive-Attentive_OHS |
| **Subject:** | RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery |

**[EXTERNAL]**

Hi Michael,

Thanks for confirming that the parties are at an impasse on Emotive's refusal to provide a test account or ESI discovery.

During the meet-and-confer, we also raised Emotive's failure to produce sufficient source code and technical documents. You stated that this was the first time you heard of these deficiencies, but you are mistaken: on at least August 30, 2023, Attentive sent Emotive a letter regarding its source code deficiencies and identified deficient modules, classes, and/or functions. Moreover, in Attentive's August 30 letter and subsequent letters since, Attentive has identified Emotive's failure to produce documents in response to specific RFPs pertaining to source code. *See, e.g.,* Ltr. from C. Steinmann to R. Martinelli (June 16, 2023), at 4; Ltr. from C. Steinmann to R. Martinelli (August 30, 2023), at 1–2; Ltr. from C. Steinmann to R. Martinelli (November 17, 2023), at 2.

Given the length of time that these requests have been pending, please identify a time this week to discuss Emotive's source code and deficient document production, including at least Request for Production Nos. 1-6, 9–11, 14, 16, 30, 34, 35, 37, 40, 43, 44, 48, 61, 64, 71, 74, 75, 76, 79, 80, 81, 82. Attentive expects a substantial supplementation of Emotive's source code—particularly the back-end server-side source code.

Sincerely,
Brian

———

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

---

**From:** Chow, Michael C. <mchow@orrick.com>
**Sent:** Friday, February 9, 2024 1:55 AM
**To:** Brian Hill <BHill@KSLAW.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com; Emotive-Attentive_OHS <Emotive-Attentive_OHS@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Brian,

Thanks for the call earlier today.  Below is a summary.

Attentive's request for a test account of Emotive's service

We understand that Attentive contends that a "test account" would be responsive to RFP No. 1 requesting a 'copy of the product' as the basis for the request.  Emotive disagreed that a "test account" would be responsive or even contemplated by such a request.  In fact, Emotive responded to RFP No. 1 in March 2023 that it would produce or make available for inspection documents and/or source code sufficient to show the operation of the accused feature.  Attentive did not raise the issue of a "test account" until November 2023, months after Emotive had already informed Attentive that it had discontinued use of the accused feature.  Emotive further disagreed with Attentive's contention that it was obligated to maintain a "test account" of the accused service.  Emotive met its discovery obligations by maintaining a copy of the source code of the accused feature and making it available for inspection in June 2023.

ESI Searching

We understand that Attentive contends ESI searching is necessary because it is the default and Attentive is seeking it to identify gaps in discovery and not because it has identified any information that it believes it still needs from Emotive.  Further, Attentive still has not addressed why its ESI search proposal is proportional to the needs of the case under Paragraph 1(b) of the Default Order.  Emotive reiterates that it is willing to consider a targeted ESI search proposal but understands that Attentive is refusing to propose one or identify what additional information it is seeking.  Accordingly, Emotive's position is that the ESI searching that Attentive demands is harassing, unduly burdensome, and disproportional to the needs of the case.

Inventor Depositions and Schedule

Attentive suggests joint inventor depositions would ease the burden on the deponents – some of which no longer work for Attentive.  Emotive's position is that discovery is not consolidated in this case, therefore, there is no basis for Attentive to demand joint depositions.  However, Emotive is willing to consider coordinating overlapping discovery if Attentive agrees to align Emotive's case schedule with Postscript's case schedule and to reset Emotive's trial date until after Postscript's.  Emotive understands that Attentive does not believe the trial date to be relevant to this issue but is considering whether to agree to aligning pretrial schedules and will get back to us after discussing with your client.

Regards,

Michael

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Wednesday, February 7, 2024 7:59 AM
**To:** Chow, Michael C. <mchow@orrick.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

[EXTERNAL]

Michael,

I'll send an invite for tomorrow (Thursday) at 2pm PT / 5pm ET.  I think the parties have sufficiently conferred on the ESI issue, but to the extent you disagree, we can address it on the call.  I'd also like to discuss the deposition issue if we have time.

Sincerely,
Brian

---

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

---

**From:** Chow, Michael C. <mchow@orrick.com>
**Sent:** Tuesday, February 6, 2024 3:19 PM
**To:** Brian Hill <BHill@KSLAW.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Brian,

Contrary to your representations of the cited holding in *GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*, the order makes clear that only "***five*** e-discovery custodians" had been identified, and the court further limited additional searching to the "***two*** custodians most likely to have" responsive documents.  And yet again, Attentive fails to address how its requests are proportional to the needs of this case, as expressly required by Paragraph 1(b) of the Default Standard.  Attentive's continued failure to do so only serves to heighten our concern that Attentive's demands for full-blown ESI searching of 10 custodians is intended to harass and burden Emotive.

Furthermore, Attentive's complaints regarding the "unacceptable pace of discovery" are not well taken.  As noted below, Emotive identified its four custodians as part of its Paragraph 3(b) disclosures 10 months ago.  Attentive waited until just before the substantial completion of discovery deadline to raise the prospect of ESI searching.   Attentive's November 17, 2023 Ltr at 4-5.   Attentive then delayed until last week to raise its concern about the number of custodians Emotive had identified.  And Attentive has ignored Emotive's request that Attentive provide a targeted ESI search proposal for over two months now.  Any alleged delays in the pace of discovery are of Attentive's own making.

We are available to discuss Attentive's request for a "test account" on Thursday at 2 pm PT/5 pm ET.

Regards,

Michael

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Sunday, February 4, 2024 4:51 PM
**To:** Chow, Michael C. <mchow@orrick.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>;

jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**[EXTERNAL]**

Michael,

Your email entirely and unreasonably misstates the holding *in GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 14-878-LPS-CJB, where Judge Burke grants GSK's request for **additional custodial searching** for market forecast documents in addition to the searching that had already been conducted.  *See* ¶4 ("[T]he Court finds that good cause has been shown to allow some **additional**, targeted searching…").  Absolutely nowhere in that case does Judge Burke limit the total number of ESI custodians to a number less than what is already provided for in the Delaware Default Standard.  We would ask that you more accurately describe cases when citing them as allegedly supporting your positions.

The Delaware Default Standard is perfectly clear: "In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement."  Emotive is therefore obligated to search emails and other ESI maintained by the 10 custodians most likely to have discoverable information in their possession, custody or control.  There is no requirement to use search terms (*see* ¶5.b, "**If the producing party elects** to use search terms"), but Emotive's obligation to search for and produce responsive ESI remains. *See id.* ("The producing party **shall search**…emails and other ESI…").

It is frankly troubling that Emotive's counsel lacks a full and complete appreciation of Emotive's discovery obligations (to wit…"*whatever that may mean*"…"*we continue to be mystified*"), which has resulted in an unacceptable pace of discovery.  In addition to Emotive's refusal to produce ESI, which the parties have met and conferred on extensively and will be raised with the Court, please provide times this week to discuss Emotive's production of a "test account" for Emotive's discontinued service.

Sincerely,
Brian

―

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

**From:** Chow, Michael C. <mchow@orrick.com>
**Sent:** Friday, February 2, 2024 10:31 PM
**To:** Brian Hill <BHill@KSLAW.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Brian,

Your email below completely ignores Paragraph 1(b) of the Default Standard for Discovery, which expressly states that the "[p]arties are expected to use reasonable, good faith and **proportional efforts** to preserve, identify and produce

relevant information.  This includes identifying appropriate limits to discovery, ***including limits on custodians***….”  Emotive served its paragraph 3(b) disclosures 10 months ago, and Attentive never raised any deficiencies with Emotive's disclosure and its limitation to four custodians.

As we have repeatedly stated, Attentive's demands are not proportional to the needs of this case given Emotive no longer uses the accused functionality and the limited six-month damages window.  At no time has Attentive provided any reasons why its demands are proportional to the needs of the case, nor has Attentive identified any particular information that it needs.  Instead, Attentive appears to be demanding ESI searching for the sake of searching rather than to seek any specific information relevant to a claim or defense in the case.

Furthermore, your email below misreads Paragraph 5(b) of the Default Standard.  Nowhere does it state that Emotive is "obligated to search the entirety of" (whatever that may mean) any data source if Emotive did not elect to use search terms.  Instead, Paragraph 5(b) clearly contemplates that those data sources would be searched using identified search terms "***[i]f*** the producing party elects to use search terms to locate potentially responsive ESI."

Emotive is still willing to consider searching the non-custodial data sources and emails and other ESI maintained by the four custodians that it has already identified, if Attentive proposes reasonable search terms and limitations.  Please note that what we have proposed is in line with what Judge Burke ordered under similar circumstances in GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc., C.A. No. 14-878-LPS-CJB, at pp. 3-5 (attached), so we continue to be mystified by Attentive's refusal to provide a reasonable and targeted search proposal.  To the extent Attentive believes there is specific information that it still needs, please let us know.

Regards,

Michael

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Thursday, February 1, 2024 11:39 AM
**To:** Chow, Michael C. <mchow@orrick.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery


**[EXTERNAL]**

Hi Michael,

We do not agree with your proposal.

First, the Delaware Default Standard provides for 10 Custodians most likely to have discoverable information, and does not provide exceptions for when the producing party "believes any additional custodians will only have duplicative information."  Please provide the full list of 10 Custodians in accordance with the Delaware Default Standard by tomorrow.

Second, you are mistaken about the use of search terms under the Delaware Default Standard. If you choose not to employ search terms, you are obligated to search the entirety of (1) the non-custodial data sources identified in accordance with paragraph 3(b); and (2) the emails and other ESI maintained by Emotive's 10 Custodians for responsive information.  In addition to the ESI maintained by Emotive's 10 Custodians, please confirm that you agree to search the

entirety of Emotive's public website at https://emotive.io/; Emotive's source code control and management system; and Emotive's financial data storage system for information responsive to Attentive's Requests.

Please confirm by tomorrow that Emotive agrees to conduct ESI discovery in accordance with the Delaware Default Standard or else we will seek assistance from the Court.

Sincerely,
Brian

---

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

---

**From:** Chow, Michael C. <mchow@orrick.com>
**Sent:** Wednesday, January 31, 2024 11:41 PM
**To:** Brian Hill <BHill@KSLAW.com>; Liu, Jonathan <jonathanliu@orrick.com>; Martinelli, Richard F.
<rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com;
NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>;
jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Hi Brian and Cori,

It was unclear from Cori's email below whether Attentive's January 26th email was Attentive's ESI proposal given the "See draft below" language.

Regarding Attentive's proposal, please see responses in-line below.

Regards,

Michael

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Wednesday, January 31, 2024 8:27 AM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; Chow, Michael C. <mchow@orrick.com>; Martinelli, Richard F.
<rmartinelli@orrick.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com;
NLopez@ashbygeddes.com
**Cc:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>;
jblumenfeld@morrisnichols.com
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

**[EXTERNAL]**

Counsel,

We have not received a response to our email below.  Can you please respond today and let us know your position on our ESI proposal?  We will have to seek the Court's assistance if this is not resolved by the end of the week.

Sincerely,
Brian

—

**Brian D. Hill**
T: +1 202 626 5446  |  E: BHill@KSLAW.com  |  www.kslaw.com

---

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Friday, January 26, 2024 9:21 AM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

See draft below.
+++++++++++++++++++++++++++++

Counsel,

Per your request for an ESI discovery proposal, Attentive proposes the following:

The parties should exchange the following information on January 31st and any counter proposal on February 5th

1.  The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely;

We have previously identified the Emotive custodians most likely to have relevant information in Emotive's paragraph 3 disclosures, in order from most likely to least likely.  Emotive believes any additional custodians will only have duplicative information.

2.  A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely; and

We also previously identified Emotive's non-custodial data sources in the paragraph 3 disclosures.

3.  A list of search terms to locate potentially responsive ESI.

As we previously have discussed, because Emotive has not elected to employ ESI searching, Emotive does not have search terms to propose.  That said, we remain willing to consider running a search proportionate to the needs of the case using search terms that Attentive wishes to propose.

Please let us know by Friday, January 27, 2024, if Emotive agrees to this proposed exchange.

Thank you,

**From:** Liu, Jonathan <jonathanliu@orrick.com>
**Sent:** Thursday, January 25, 2024 8:24 PM
**To:** Cori Steinmann <CSteinmann@KSLAW.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J.
<mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com;
NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram
<JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan
Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>;
Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Counsel,
Attentive misrepresents Emotive's position.  Contrary to Attentive's assertion, Emotive has not "refus[ed] to
conduct any ESI discovery."  As we stated in the attached nearly two months ago, we do not believe ESI
discovery over repositories is necessary or proportional for this case given the six-month damages window, but
we asked that Attentive "provide a specific and narrow ESI search proposal that Emotive can
consider."  Attentive never responded to our request.

Additionally, Emotive disagrees with Attentive's interpretation of the ESI default standard.  Emotive
understands the default standard for ESI to specifically contemplate ESI searching as an optional form of
discovery subject to proportionality and needs of the case limitations.  The ESI default standard expressly
states at paragraph 5.b.: "*IF* the producing party elects to use search terms to locate potentially responsive
ESI, it shall disclose the search terms to the requesting party."  Emotive has not elected to use search terms to
locate potentially responsive ESI, thus it is not obligated to perform an electronic search.  And Attentive has
thus far failed to provide any support for why ESI would be necessary or indeed would be proportional
especially in light of the accused service's limited damages period.

Given Attentive's repeated failure to provide an ESI search proposal for Emotive to consider, Emotive does not
agree that the parties have reached impasse.

Warm regards,
Jonathan

---

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Tuesday, January 23, 2024 5:43 PM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J.
<mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com;
NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram
<JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan
Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>;
Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - ESI Discovery

[EXTERNAL]

Counsel,

We write to further discuss ESI discovery in this case.  As you are aware, the Court's Default Standard for Discovery,
Including Discovery of Electronically Stored Information, requires the parties to "reach agreements cooperatively on

how to conduct discovery" and, if "the parties are unable to agree on the parameters and/or timing of discovery" the default standards should apply.

We have reached out to Emotive on multiple occasions regarding the parameters and schedule for the exchange of ESI in this case.  It is our understanding that Emotive is refusing to conduct any ESI discovery.  If this is still Emotive's position, we consider the parties to be at an impasse and, therefore, must seek resolution from the Court.

Please let us know by Thursday, January 25th, whether Emotive is unwilling to engage in ESI discovery per the Court's default standard.

Best Regards,

**Cori C. Steinmann**
*Counsel*

T: +1 512 457 2008  |  E: csteinmann@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701



kslaw.com

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT G

**Liu, Jonathan**

| | |
|---|---|
| **From:** | Liu, Jonathan |
| **Sent:** | Friday, December 1, 2023 8:54 PM |
| **To:** | Cori Steinmann; jblumenfeld@morrisnichols.com; Flynn, Michael J.; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com |
| **Cc:** | Brit Davis; Chris Campbell; Jennifer Inghram; Jonathan Weinberg; Michelle Jordan; Ryan Schmid; Saira Hosein; Seth Rawlins; Martinelli, Richard F.; Chow, Michael C. |
| **Subject:** | RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - Ltr. re Emotive's Deficient Discovery |

Dear Counsel,

Emotive hereby confirms that it will look for and produce (1) financial information in the form of revenue figures kept in the ordinary course of business for the months between **February 2023 and August 2023**; and (2) any forecasts or similar during the **aforementioned time period**.  Emotive expects to be able to complete its production by **December 15, 2023**.

With respect to ESI discovery, contrary to Attentive's representations, nothing in the default ESI standard incorporated into the parties' scheduling order requires the ESI discovery that Attentive demands, and Emotive has never agreed to a search of repositories using search terms.  Paragraph 5(b), which Attentive directed Emotive to during the meet and confer, is inapposite because it is optional. Furthermore, Paragraph 1(b) of the default ESI standard contemplates that discovery should be proportional.  Emotive does not believe that conducting ESI discovery over repositories is proportional given that there is only a six-month damages window especially since Emotive has already produced documents and made available for inspection source code more than sufficient to show how the accused product works and, per the above, we intend to produce additional financial information.  Attentive has thus far not articulated why ESI is proportional or necessary for this case.  However, in the interest of resolving this dispute and as we requested during the meet and confer, please provide a specific and narrow ESI search proposal that Emotive can consider.

With regards to supplemental discovery responses, Emotive expects to supplement its interrogatory responses by **December 31, 2023**.

With respect to your request for a meet and confer, Attentive has not communicated what it would like to meet and confer about and as such Emotive does not think a meet and confer is necessary at this time.

Warm regards,
Jonathan

---

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Thursday, November 30, 2023 8:49 AM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - Ltr. re Emotive's Deficient Discovery

**[EXTERNAL]**

Counsel,

Thank you for the meet and confer yesterday.

We understand that Emotive produced certain documents yesterday evening, including battle cards, some sales data, and some technical documents regarding the design-around/new product currently used by Emotive.  We will review these materials and let you know what, if anything, we believe is still deficient.

While we are conducting this review, you agreed to discuss with Emotive our requests regarding additional financial data and documents and let us know by this Friday, if Emotive intends to or intends not to produce any additional financial documents.

In addition, you agreed to provide to us by Friday a date certain as to when Emotive will supplement its interrogatory responses and production, if any.

Lastly, we understand that Emotive is unwilling to consider ESI discovery using the Delaware electronic discovery default standard, such that the parties are at an impasse on this issue and intend to raise it with the Court.

Because of the time constraints for today's M&C and the recent production by Emotive, which we were unable to review prior to today's M&C, we request to further M&C regarding Emotive's discovery responses and production on Monday, December 4th.   Please let us know your availability.

Regards,

**Cori C. Steinmann**
*Counsel*

T: +1 512 457 2008  |  E: csteinmann@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701



kslaw.com

---

**From:** Liu, Jonathan <jonathanliu@orrick.com>
**Sent:** Tuesday, November 28, 2023 4:42 PM
**To:** Cori Steinmann <CSteinmann@KSLAW.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J.
<mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com;
NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram
<JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan
Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>;
Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - Ltr. re Emotive's Deficient Discovery

CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Hi Counsel,
I will circulate an invite shortly.  As a side note, we do have a hard stop at **1 pm ET / 10 am PT** but hopefully we can resolve the parties' issues during that time.

Warm regards,
Jonathan

---

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Tuesday, November 28, 2023 2:34 PM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; NLopez@ashbygeddes.com
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** Re: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - Ltr. re Emotive's Deficient Discovery

[EXTERNAL]

That works for us. Will you circulate a call-in?

---

**From:** Liu, Jonathan <jonathanliu@orrick.com>
**Sent:** Tuesday, November 28, 2023 4:52:17 PM
**To:** Cori Steinmann <CSteinmann@KSLAW.com>; jblumenfeld@morrisnichols.com <jblumenfeld@morrisnichols.com>; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com <JDay@ashbygeddes.com>; MKipp@ashbygeddes.com <MKipp@ashbygeddes.com>; AMayo@ashbygeddes.com <AMayo@ashbygeddes.com>; NLopez@ashbygeddes.com <NLopez@ashbygeddes.com>
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>; Martinelli, Richard F. <rmartinelli@orrick.com>; Chow, Michael C. <mchow@orrick.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - Ltr. re Emotive's Deficient Discovery

CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Dear Counsel,
We can be available at **12:30 pm ET / 9:30 am PT** for a meet and confer.  Please let us know if that time still works for you and your team.  Thank you.

Warm regards,
Jonathan

---

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Tuesday, November 28, 2023 11:32 AM
**To:** Liu, Jonathan <jonathanliu@orrick.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; Martinelli, Richard F. <rmartinelli@orrick.com>; NLopez@ashbygeddes.com; Chow, Michael C. <mchow@orrick.com>
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan

Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - Ltr. re Emotive's Deficient Discovery


**[EXTERNAL]**

Counsel,

Thank you for the attached correspondence.  We were unavailable today to meet and confer.  Are you available to meet and confer tomorrow sometime between 10:30 ET – 2:00 ET?

Best Regards,

---

**Cori C. Steinmann**
*Counsel*

T: +1 512 457 2008  |  E: csteinmann@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701



kslaw.com

---

**From:** Liu, Jonathan <jonathanliu@orrick.com>
**Sent:** Wednesday, November 22, 2023 5:12 PM
**To:** Cori Steinmann <CSteinmann@KSLAW.com>; jblumenfeld@morrisnichols.com; Flynn, Michael J. <mflynn@morrisnichols.com>; JDay@ashbygeddes.com; MKipp@ashbygeddes.com; AMayo@ashbygeddes.com; Martinelli, Richard F. <rmartinelli@orrick.com>; NLopez@ashbygeddes.com; Chow, Michael C. <mchow@orrick.com>
**Cc:** Brit Davis <BFDavis@KSLAW.com>; Chris Campbell <ccampbell@kslaw.com>; Jennifer Inghram <JInghram@KSLAW.com>; Jonathan Weinberg <jweinberg@kslaw.com>; Michelle Jordan <mjordan@kslaw.com>; Ryan Schmid <rschmid@kslaw.com>; Saira Hosein <SHosein@KSLAW.com>; Seth Rawlins <SRawlins@KSLAW.com>
**Subject:** RE: Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - Ltr. re Emotive's Deficient Discovery

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Counsel,

Please find attached responding correspondence.

Warm regards,
Jonathan


**Jonathan Liu**
Associate
Pronouns: he, him, his

4

Orrick
Silicon Valley Ⓥ
T +1-650-614-7461
M +1-520-609-9931
jonathanliu@orrick.com



---

**From:** Cori Steinmann <[CSteinmann@KSLAW.com](mailto:CSteinmann@KSLAW.com)>
**Sent:** Friday, November 17, 2023 12:34 PM
**To:** Liu, Jonathan <[jonathanliu@orrick.com](mailto:jonathanliu@orrick.com)>; [jblumenfeld@morrisnichols.com](mailto:jblumenfeld@morrisnichols.com); Flynn, Michael J. <[mflynn@morrisnichols.com](mailto:mflynn@morrisnichols.com)>; [JDay@ashbygeddes.com](mailto:JDay@ashbygeddes.com); [MKipp@ashbygeddes.com](mailto:MKipp@ashbygeddes.com); [AMayo@ashbygeddes.com](mailto:AMayo@ashbygeddes.com); Martinelli, Richard F. <[rmartinelli@orrick.com](mailto:rmartinelli@orrick.com)>; [NLopez@ashbygeddes.com](mailto:NLopez@ashbygeddes.com); Chow, Michael C. <[mchow@orrick.com](mailto:mchow@orrick.com)>
**Cc:** Brit Davis <[BFDavis@KSLAW.com](mailto:BFDavis@KSLAW.com)>; Chris Campbell <[ccampbell@kslaw.com](mailto:ccampbell@kslaw.com)>; Jennifer Inghram <[JInghram@KSLAW.com](mailto:JInghram@KSLAW.com)>; Jonathan Weinberg <[jweinberg@kslaw.com](mailto:jweinberg@kslaw.com)>; Michelle Jordan <[mjordan@kslaw.com](mailto:mjordan@kslaw.com)>; Ryan Schmid <[rschmid@kslaw.com](mailto:rschmid@kslaw.com)>; Saira Hosein <[SHosein@KSLAW.com](mailto:SHosein@KSLAW.com)>; Seth Rawlins <[SRawlins@KSLAW.com](mailto:SRawlins@KSLAW.com)>
**Subject:** Attentive Mobile Inc. v. 317 Labs, Inc. - Case No. 1:22-cv-01163-CJB - Ltr. re Emotive's Deficient Discovery

Counsel,

Please find attached correspondence regarding Emotive's deficient discovery responses and document production.

Best Regards,

---

**Cori C. Steinmann**
*Counsel*

T: +1 512 457 2008  |  E: csteinmann@kslaw.com  |  [Bio](Bio)  |  [vCard](vCard)

King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701



kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of

the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

"

"

"

# GZJ KDKV'J

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

GLAXOSMITHKLINE LLC and ) 
SMITHKLINE BEECHAM (CORK) ) 
LIMITED, ) 
           ) 
        Plaintiffs, ) 
           ) 
   v. )     Civil Action No. 14-878-LPS-CJB 
           ) 
TEVA PHARMACEUTICALS USA, INC., ) 
           ) 
        Defendant. ) 

## MEMORANDUM ORDER

At Wilmington this **3rd day of March, 2016**.

**WHEREAS**, the Court has considered the parties' letter submissions, (D.I. 114, 115),

relating to Plaintiffs GlaxoSmithKline LLC and SmithKline Beecham (Cork) Limited

(collectively, "GSK") pending discovery-related motion, (D.I. 113), as well as the parties'

arguments made during the hearing on March 1, 2016;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.    With regard to the dispute regarding GSK's Item Nos. 1 and 6[1] (regarding GSK's

requests for Defendant Teva Pharmaceuticals USA, Inc.'s ("Teva") market analysis and forecasts

of sales for generic carvedilol from 2001 to the present, and business analysis of Teva's decision

to switch from a Paragraph IV certification to a Section viii carve-out for its generic carvedilol

tablets in 2007), GSK's requests are GRANTED-IN-PART.  Teva objects to these requests on

---

[1]    The "Item Numbers" referred to herein correspond to the categories for which
GSK is seeking documents, as itemized at the beginning of GSK's February 24, 2016 letter.
(D.I. 114 at 1)

1

the grounds of relevance and further asserts that since the requests implicate documents stretching well beyond 6 years before the filing of the Complaint, GSK has failed to establish the requisite good cause to warrant any additional searching. (D.I. 115 at 2; *see also* Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (hereinafter, "Default Standard for Discovery"), at ¶ 4(e) ("Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint[.]"))[2]

2.      With respect to relevance, Teva asserts that market analyses and forecasts dating back to before the asserted patent, U.S. Patent No. RE40,000 E (the "'000 patent"), issued in January 2008, are irrelevant because "the Federal Circuit has made clear [that] 'the general rule is that inducement of infringement under [Section] 271(b) does not lie when the acts of inducement occurred before there existed a patent to be infringed.'" (D.I. 115 at 1-2 (quoting *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1196 (Fed. Cir. 1996), *abrogated on other grounds by Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, 682 F.3d 1003, 1008 (Fed. Cir. 2012)). But at this juncture, GSK has sufficiently explained the relevance of this information to its theory of Teva's induced infringement and to other issues in the case. (D.I. 114 at 1-2 & n.2 (explaining that "forecasts provide evidence of Teva's business expectations from entering the generic carvedilol market—evidence potentially confirming that Teva expected to capture a portion of the market of CHF patients being administered carvedilol" and that such information is further relevant to issues of objective indicia of non-obviousness related to Teva's validity challenge against the '000 patent)); *see also* Fed. R. Civ. P. 26(b)(1).

---

[2]      The parties explicitly incorporated the Default Standard for Discovery into the Joint Scheduling Order governing this case. (D.I. 38 at ¶ 1)

2

3.      On the other hand, if the possible existence of some other relevant, non-produced documents was always enough to demonstrate good cause to abandon the Default Standard's requirements, the Standard would be worth little. *Cf. Velocity Press, Inc. v. Key Bank, N.A.*, No. 2:09-CV-520 TS, 2011 WL 1584720, at *3 (D. Utah Apr. 26, 2011) (noting that "[t]he Federal Rules of Civil Procedure do not impose a duty upon litigants to examine every scrap of paper in its potentially voluminous files in order to comply with its discovery obligations" and that instead a party must conduct a "diligent search" pursuant to a "reasonably comprehensive search strategy") (internal quotation marks and citation omitted).   Admittedly, Teva has not set out in great detail the nature of the burden (in terms of, for example, time and cost) it would face were it required to comply with GSK's requests; nor has it explained in great detail why the nature of that burden would be disproportional to the benefit of this discovery. *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(B) & (b)(2)(C).   And yet in light of the facts here (including the sheer number of years' worth of documents at issue), the Court understands that Teva would likely face a real burden, were it required to engage in the requested searches of its five e-discovery custodians.[3]

4.      In light of these competing considerations, the Court finds that good cause has been shown to allow some additional, targeted searching, but nothing like that of the scope sought by GSK.   Teva has identified the "two custodians most likely to have" documents responsive to these requests, and it has produced their respective documents dating back to June 2007.   (D.I. 115 at 2)   The Court ORDERS that Teva shall be required to perform a further

---

[3]      Moreover, here there is little assurance that the sought-after documents even exist, with Teva representing that "further searching is unlikely to produce any additional documents" due to the nature of its generic pharmaceutical business and its marketing practices.   (D.I. 115 at 2)

search of the custodial documents of these two e-discovery custodians only.  As to the scope of

that search, by no later than **March 23, 2016**, the parties shall:  (1) meet and confer to determine

whether they can reach agreement on a reasonable and focused search that Teva will perform as

to these requests; and (2) submit a joint letter of no more than two single-spaced pages that

informs the Court as to whether the parties have reached agreement on the issue.  If the parties do

not reach agreement, the letter should also include:  (1) GSK's position as to the specific steps

that the Court should order Teva to take, in order to search for these two custodians' documents,

as well as an explanation of why these steps are both reasonable and focused, and (2) a response

from Teva as to why it believes such steps are not appropriate, which sets out an alternate search

protocol.  The Court will thereafter determine which proposed search protocol should be

followed.

      5.      With regard to GSK's Item Nos. 2, 3, 4 and 5 (regarding GSK's requests for

internal analyses regarding Teva's manufacturing decisions and patent enforcement relating to

carvedilol), it seems even more clear that the requested searches could amount to a fishing

expedition, as they would "involve departments and employees (such as the legal department or

Teva's manufacturing group) that are far removed from the actual selling of Teva's carvedilol

tablets." (D.I. 115 at 4)  While GSK proffered an explanation for the relevance of these

documents, (D.I. 114 at 1 (explaining that these "business-related documents are evidence of

Teva's expectations for its revenues and profits from selling generic carvedilol, and likely

include an analysis of the market for generic carvedilol in the United States")), the Court is

concerned about the burden the requested searches would impose upon Teva with the potential

for little reward, (*see* D.I. 115 at 4 (Teva representing that it has "already produced its

4

expectations, forecasts, and actual sales results for its generic carvedilol tablets") (emphasis omitted)).  Indeed, at present, the Court is not yet convinced that there is good cause for any further search regarding these topics.[4]  At the hearing, GSK expressed a willingness to attempt to craft a narrower search protocol regarding these requests; this might impact the Court's final decision.  Accordingly, by no later than **March 23, 2016**, the parties shall:  (1) meet and confer to determine whether they can reach agreement on a reasonable and focused search that Teva will perform with respect to these requests; and (2) submit an additional joint letter of no more than two single-spaced pages that informs the Court whether the parties have reached an agreement on the issue.  If the parties do not reach agreement, the letter should also include:  (1) GSK's position as to the specific steps that the Court should order Teva to take, in order to locate responsive documents, as well as an explanation of why these steps are both reasonable and focused, and (2) a response from Teva as to why it believes either that no search (or a more limited search than GSK seeks) is appropriate.  The Court will resolve the issue at that point.

6.      With regard to GSK's Item No. 7, in light of Teva's response that it has produced any non-privileged documents that exist as to these topics, (D.I. 115 at 4), the Court understands this issue to now be MOOT.

7.      With respect to the dispute regarding GSK's Interrogatory No. 2, which asks for the facts and circumstances regarding Teva's decision to replace its Paragraph IV certification with a Section viii carve-out before final FDA approval for its generic carvedilol, GSK's request is GRANTED.  While Teva's objection to this request is based solely on relevance, GSK has

---

[4]      In fact, in line with what Teva argues, (D.I. 115 at 3), the Court does not understand how most, if not all, of the requests for production cited in GSK's letter, (D.I. 114 at 1 n.1), even relate to these topics.

sufficiently explained the relevance of this information to its theory of Teva's induced infringement.  (D.I. 114 at 2 (explaining that "Teva's internal analysis of the impact of switching from a Paragraph IV certification to a Section viii carve-out is evidence of whether Teva anticipated that not having the CHF indication on its label would actually impact their revenue projections from selling generic carvedilol"))  The Court ORDERS that Teva shall provide a supplemental response to Interrogatory No. 2 by no later than **March 23, 2016**.

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

6