# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200

**Michael J. Flynn**
(302) 351-9661
mflynn@morrisnichols.com

March 14, 2024

The Honorable Christopher J. Burke            *VIA ELECTRONIC FILING*
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

    Re:    *Attentive Mobile Inc. v. 317 Labs, Inc. d/b/a Emotive*, C.A. No. 22-1163 (CJB)

Dear Judge Burke:

    Plaintiff Attentive Mobile Inc. submits this reply letter to address the arguments made by Emotive in its response letter (D.I. 95).

    First, Emotive cites Rule 26(b) to argue that Attentive's request to conduct standard ESI discovery is not "proportional to the needs of the case." (D.I. 95). Emotive ignores, however, that part of the proportionality consideration includes "the parties' relative access to information" and "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1). Both factors reinforce Attentive's need for ESI. To date, Emotive has produced a total of 67 documents and now claims that "[t]here are simply no more core technical documents to produce." (D.I. 95). In short, Emotive is prohibiting Attentive's access to discoverable information and, if there are truly no more technical documents to produce, then ESI discovery is of upmost importance.

    Second, Emotive seeks to force Attentive to identify Emotive's custodians and relevant search terms, while withholding information that Attentive would need to do so. Emotive has only identified 4 of the 10 custodians required under to Paragraph 3 of the Default Standard and has produced just 67 documents. Attentive is not in a position to identify Emotive's custodians, internal codes or names that might be associated with the Accused Products, or the types of systems/programs that Emotive's custodians might use. This improperly shifts Emotive's obligations to Attentive and places an impossible burden on Attentive.

    Third, Emotive asserts that Attentive "fails to specify what information from Emotive is lacking." (D.I. 95). This is simply false. Attentive has sent numerous letters and emails documenting the deficiencies in Emotive's document production. The issues raised, including the lack of production by Emotive, have yet to be resolved.

    Fourth, Emotive's statement that the parties have "not properly met and conferred on the purported RFP deficiencies" is bewildering. The parties have met and conferred regarding Emotive's deficient production almost a dozen times dating back to July 2023. Moreover, the parties have met and conferred regarding the scope of ESI discovery several times.

    Finally, Emotive's assertion that Attentive's "primary goal appears to be to burden a smaller rival with expensive litigation" is without merit. (D.I. 97). Attentive's primary goal is to protect its technology and enforce its patents. The mere fact that Attentive is seeking discovery that is entitled to under this Court's Default Standard is not evidence of bad faith or improper motive. Attentive is merely seeking what it is entitled to pursuant to this Court's rules.

The Hon. Christopher J. Burke  Page 2
March 14, 2024

Respectfully,

*[signature]*

Michael Flynn (# 5333)
*Counsel for Plaintiff Attentive Mobile Inc.*

cc:  Clerk of Court (Via Hand Delivery)
     All Counsel of Record (Via Electronic Mail)